```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at PIKEVILLE**

PAMELA MEADE,                      )
                                   )
    Plaintiff,                     )
                                   )   Civil Action No. 08-34-JMH
                                   )
v.                                 )
                                   )
MICHAEL J. ASTRUE, COMMISSIONER    )   **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,                )
                                   )
    Defendant.                     )
                                   )
                                   )

                    **   **   **   **   **

This matter is before the Court on cross motions for summary judgment [Record Nos. 10 and 11][1] on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Taking its cue from the parties, the Court adopts the procedural history and factual narrative set forth in Administrative Law Judge ("ALJ") Chwalibog's August 7, 2007 decision. (Transcript of Record "TR" 17-21). Plaintiff's sole assignment of error on appeal is that the ALJ's hypothetical

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

question to the vocational expert ("VE") did not accurately portray her physical impairments.  Specifically, Plaintiff argues that the ALJ erred by failing to ask the VE to assume Plaintiff should avoid constant and repetitious pushing and pulling with her upper extremities when a non-examining Agency medical expert found such a limitation, and the ALJ stated that he adopted the expert's findings.

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility.  *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion.  *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

## III. ANALYSIS

2

Plaintiff correctly states that the ALJ's hypothetical question to the VE did not include a limitation of "constant and repetitious pushing and pulling" in Plaintiff's upper extremities, as found by the non-examining Agency expert whose opinion the ALJ declared to adopt; however, there was substantial evidence to support the ALJ's failure to include such a limitation.

An ALJ is only required to incorporate into the hypothetical question limitations which he or she accepts as credible. *See Sias v. Sec'y of Health and Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988). There was substantial evidence to support the ALJ's determination that Plaintiff did not require a limitation of pushing and pulling with her upper extremities. On April 26, 2007, Plaintiff underwent a physical consultative examination with Dr. W.R. Stauffer. (Tr. 225). In his report, Dr. Stauffer concluded, *inter alia*, that Plaintiff "would probably have some difficulty with repetitive pushing and pulling with her lower extremities." (Tr. 228). This is in contrast to the report of Dr. Deborah Hibbard, a non-examining Agency consultant, which indicated that Plaintiff was limited in pushing and pulling with her upper extremities, the exact opposite limitation imposed by Dr. Stauffer. (Tr. 158). Unlike Dr. Hibbard, Dr. Stauffer actually examined Plaintiff and supported his findings with clinical evidence. Accordingly, his opinion provides substantial evidence with which to support the ALJ's decision not to include a limitation on

pushing and pulling with the upper extremities, as found by non-examining expert Dr. Hibbard. *See* 20 C.F.R. §§ 416.927(d)(1), 416.927(d)(3).

## IV. CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS ORDERED:**

(1) That the defendant's motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED;** and

(2) That the plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED.**

This the 29th day of July, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge